IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EVOLUTION CAPITAL MANAGEMENT LLC, a limited liability company; EVOLUTION FUND LTD. SPC, a segregated portfolio company; EVOLUTION MASTER FUND LTD. SPC, a segregated portfolio company, | ) ) ) ) ) ) ) ) | CIVIL NO. 06-00494 SOM-KSC  ORDER DENYING DEFENDANTS' MOTION TO DISMISS |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| RICHARD A. MAYUS, an individual; F. ALEXANDER MAYUS, an individual; CORMORANT CAPITAL MANAGEMENT LLC, a limited liability company; CORMORANT CAPITAL FUND LTD. SPC, a segregated portfolio company; CORMORANT CAPITAL MASTER FUND LTD. SPC, a segregated portfolio company; and EVOLUTION CONSULTING LLC, a limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants and Counterclaim Plaintiffs, | ) ) ) ) | |
| and | ) ) | |
| F. ALEXANDER MAYUS; RICHARD A. MAYUS, | ) ) ) | |
| Counterclaim Plaintiffs | ) ) ) | |
| vs. | ) ) | |
| EVOLUTION CAPITAL MANAGEMENT LLC, | ) ) ) | |
| Counterclaim Defendant, | ) ) ) | |

```
          and                    )
                                 )
MICHAEL LERCH,                   )
                                 )
              Additional         )
              Counterclaim       )
              Defendant.         )
_____   )
```

ORDER DENYING DEFENDANTS' MOTION TO DISMISS

I.        INTRODUCTION.

          This action, removed on diversity grounds, arises out

of alleged misuse of a securities trading strategy Evolution

Capital Management LLC ("ECM") says it developed.[1]  Plaintiffs,

ECM and two Cayman Island segregated portfolio companies

(Evolution Fund Ltd. SPC and Evolution Master Fund Ltd. SPC)

allege that Defendants Richard A. Mayus and F. Alexander Mayus

violated confidentiality agreements regarding the trading

strategy.  Plaintiffs say that the Mayuses formed a limited

liability company, Cormorant Capital Management LLC, and that

this company is using Plaintiffs' trading strategy to Plaintiffs'

detriment.  Specifically, Plaintiffs allege that Cormorant

tortiously interfered with their prospective business advantage

(Count Three), violated Hawaii's unfair competition statute,

section 480-13(a) of the Hawaii Revised Statutes (Count Four),

converted the trading strategy (Count Five), was unjustly

_____

          [1]Defendants are reminded to comply with Local Rule 10.2
concerning the font-size requirements for papers filed with this
court, as Defendants' Reply appears to have used a font that is
too small.

enriched (Count Six), and was part of a civil conspiracy (Count Eight).  Plaintiffs also allege that, as Cormorant is the Mayuses' alter ego, the Mayuses are liable for Cormorant's conduct (Count Seven).

Cormorant has moved to dismiss the Amended Complaint for lack of personal jurisdiction over it.  Plaintiffs have made a prima facie showing that this court has specific jurisdiction over Cormorant with respect to the tortious interference with business advantage claim, and this court exercises pendent personal jurisdiction over the other claims asserted against Cormorant.  The court therefore denies the motion to the extent it is based on an alleged lack of personal jurisdiction.

The court also denies the motion to the extent it seeks dismissal of Counts Seven and Eight of the Amended Complaint.

II.     MOTION TO DISMISS BASED ON LACK OF PERSONAL
        JURISDICTION.

        A.   Legal Standard for a Motion to Dismiss Based on an
             Alleged Lack of Personal Jurisdiction.

A plaintiff has the burden of establishing personal jurisdiction over a nonresident defendant.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004); Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995); Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984). Even when defendants are jointly liable, a plaintiff must establish personal jurisdiction over each defendant individually.

Sher v. Johnson, 911 F.2d 1357, 1365 (9th Cir. 1990).  Moreover,
a plaintiff must establish personal jurisdiction over a defendant
with respect to each claim.  Action Embroidery Corp. v. Atl.
Embroidery, Inc., 368 F.3d 1174, 1180 (9th Cir. 2004) ("Personal
jurisdiction must exist for each claim asserted against a
defendant." (citing Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,
557 F.2d 1280, 1289 n.8 (9th Cir. 1977)).

When the court determines that there has been a
sufficient showing of personal jurisdiction to reach trial with
regard to one claim, but not another, it may or may not be
appropriate to assume jurisdiction over the other claim under
principles analogous to the doctrine of pendent jurisdiction.
See Data Disc., 557 F.2d at 1289 n.8.  The Ninth Circuit calls
this "pendent personal jurisdiction."  Under pendent personal
jurisdiction, "a defendant may be required to defend a 'claim for
which there is no independent basis of personal jurisdiction so
long as it arises out of a common nucleus of operative facts with
a claim in the same suit over which the court does have personal
jurisdiction.'"  CE Distrib., LLC v. New Sensor Corp, 380 F.3d
1107, 1113 (9th Cir. 2004) (quoting Action Embroidery, 368 F.3d
at 1180).

When, as here, a district court acts on a motion to
dismiss without holding an evidentiary hearing, the plaintiff
need only make a prima facie showing of jurisdictional facts to

withstand the motion to dismiss.  Schwarzenegger, 374 F.3d at 800; Ziegler, 64 F.3d at 473; Flynt, 734 F.2d at 1392.  Although a plaintiff may not simply rest on the bare allegations of the complaint, uncontroverted allegations in the complaint must be taken as true, and conflicts between parties over statements contained in affidavits or declarations must be resolved in Plaintiffs' favor.  See Schwarzenegger, 374 F.3d at 800.  If a plaintiff makes such a prima facie showing on a motion to dismiss, the plaintiff must eventually establish the jurisdictional facts by a preponderance of the evidence at either a preliminary hearing or a trial.  Flynt, 734 F.2d at 1392.

If the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits and/or declarations.  See AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996), as supplemented by 1996 WL 490789 (9th Cir. Aug. 28, 1996).

     B.   Analysis of Motion to Dismiss for Lack of Personal Jurisdiction.

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."  Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc).  The district court must consider two factors before exercising personal jurisdiction over a

5

nonresident defendant in a diversity of citizenship case: "1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process."  Flynt, 734 F.2d at 1392; Miracle v. N.Y.P. Holdings, Inc., 87 F. Supp. 2d 1060, 1064 (D. Haw. 2000). The "jurisdictional inquiries under state law and federal due process merge into one analysis" when the state's long-arm statute is "co-extensive with federal due process requirements," as Hawaii's is.  Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991); Cowen v. First Ins. Co. of Haw., 61 Haw. 644, 649, 608 P.2d 394, 399 (1980) (Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, was adopted to expand the jurisdiction of Hawaii's courts to the extent permitted by the due process clause of the Fourteenth Amendment); see also Yahoo!, 433 F.3d at 1205 ("Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."); Schwarzenegger, 374 F.3d at 800-01 (same). Accordingly, personal jurisdiction over Cormorant depends on federal due process requirements.

The Due Process Clause of the United States Constitution protects a person's "liberty interest in not being subject to the binding judgments of a forum with which he has

established no meaningful 'contacts, ties, or relations.'"
Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985)
(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).
The Due Process Clause requires that defendants have "certain
minimum contacts with [Hawaii] such that the maintenance of the
suit does not offend traditional notions of fair play and
substantial justice." Int'l Shoe, 326 U.S. at 316; Data Disc,
557 F.2d at 1287.  To have the required minimum contacts,
Cormorant must have acted and had a connection with Hawaii in a
manner that should have led it to "reasonably anticipate being
haled into court" in Hawaii.  See Sher, 911 F.2d at 1361 (quoting
World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297
(1980)).  Requiring "minimum contacts" performs two functions.
"It protects the defendant against the burdens of litigating in a
distant or inconvenient forum.  And it acts to ensure that the
States[,] through their courts, do not reach out beyond the
limits imposed on them by their status as coequal sovereigns in a
federal system." World-Wide Volkswagen, 444 U.S. at 292.

        In applying the requirements of the Due Process Clause,
courts have created two jurisdictional concepts--general and
specific jurisdiction.  A court may exercise general jurisdiction
over a defendant when the defendant is a resident or domiciliary
of the forum state, or the defendant's contacts with the forum
state are continuous, systematic, and substantial.  Helicopteros

<u>Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408, 414-16 (1984); <u>Schwarzenegger</u>, 374 F.3d at 801 ("the defendant must engage in continuous and systematic general business contacts . . . that approximate physical presence in the forum state" (quotations and citations omitted)); <u>Data Disc</u>, 557 F.2d at 1287 ("If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities."). Plaintiffs are not asserting that Cormorant's contacts with Hawaii were sufficient to confer general jurisdiction over it. <u>See</u> Opposition at 11 (arguing only that this court has specific jurisdiction over Cormorant).

Specific jurisdiction may be found when the cause of action arises out of a defendant's contact with or activities in the forum state. <u>See</u> <u>Roth</u>, 942 F.2d at 620; <u>Data Disc</u>, 557 F.2d at 1287. To ensure that the exercise of specific jurisdiction is consistent with due process, this court must be satisfied that the following have been shown:

> (1) The non-resident defendant must
> purposefully direct his activities or
> consummate some transaction with the forum or
> resident thereof; or perform some act by
> which he purposefully avails himself of the
> privilege of conducting activities in the
> forum, thereby invoking the benefits and
> protections of its laws;

8

> (2) the claim must be one which arises out of
> or relates to the defendant's forum-related
> activities; and
>
> (3) the exercise of jurisdiction must comport
> with fair play and substantial justice, i.e.
> it must be reasonable.

Yahoo!, 433 F.3d at 1205-06; Schwarzenegger, 374 F.3d at 802.
Plaintiffs bear the burden of satisfying the first two prongs of
this test.  If Plaintiffs satisfy both of those prongs, the
burden then shifts to Cormorant to "present a compelling case"
that the exercise of jurisdiction would not be reasonable.
Schwarzenegger, 374 F.3d at 802 (quoting Burger King Corp., 471
U.S. at 477).

### 1.   Purposeful Availment.

The purposeful availment requirement protects a
defendant from being haled into a jurisdiction merely because of
random, fortuitous, or attenuated contacts with the jurisdiction,
or because of the unilateral activity of a third person.  Burger
King, 471 U.S. at 475.  Jurisdiction is proper when "the contacts
proximately result from actions by the defendant *himself* that
create a 'substantial connection' with the forum state."  Id.
(quoting McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957)).

In examining the purposeful availment requirement, this
court analyzes "whether the defendant's contacts with the forum
are attributable to his own actions or are solely the actions of
the plaintiff."  Roth, 942 F.2d at 621; see also Gray & Co. v.

Firstenberg Mach., Co., 913 F.2d 758, 760 (9th Cir. 1990).

However, the defendant need not have been physically present or

have had physical contact with the forum state, so long as the

defendant's efforts were "purposefully directed" toward a forum

resident.  Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320

(9th Cir. 1998) (citing Ballard v. Savage, 65 F.3d 1495, 1498 (9th

Cir. 1995)).  In examining the purposeful availment requirement,

the Ninth Circuit distinguishes between tort and contract

actions.  See Roth, 942 F.2d at 621.

In the tort context, the Ninth Circuit imposes three

requirements for purposeful availment.  The defendant must have

"(1) committed an intentional act, (2) expressly aimed at the

forum state, (3) causing harm that the defendant knows is likely

to be suffered in the forum state."  Yahoo!, 433 F.3d at 1206.

Although previous Ninth Circuit precedent sometimes required the

"brunt" of the harm to have been suffered in the forum state, the

Ninth Circuit, sitting en banc, clarified in January 2006 that

"the 'brunt' of the harm need not be suffered in the forum state.

If a jurisdictionally sufficient amount of harm is suffered in

the forum state, it does not matter that even more harm might

have been suffered in another state."  Yahoo!, 433 F.3d at 1207.

Cormorant therefore incorrectly argues in its post-Yahoo! motion

that the "brunt" of the alleged harm must have occurred in Hawaii.[2]

Cormorant says that it does not conduct and has never conducted business in Hawaii, that it has no Hawaii investors, and that it has never solicited investors from Hawaii. Cormorant says that it intended to make money, not "target" Plaintiffs. Cormorant claims that there was no purposeful availment. ECM, on the other hand, alleges that ECM is an LLC with a principal place of business in Honolulu, Hawaii. Amended Complaint (Sept. 1, 2006) ¶ 1. In Count Three, ECM alleges that Defendants, including Cormorant, intentionally and tortiously interfered with ECM's prospective business advantage, "depriving Plaintiffs of business, and diverting such business to Defendants, all to Plaintiffs' detriment." Id. ¶ 62. Count Three alleges that Cormorant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. Notwithstanding Cormorant's contention that it does not do business in Hawaii and that it did not intend to harm Plaintiffs, Plaintiffs have made a prima facie showing for jurisdictional purposes of purposeful availment by Cormorant. See Yahoo!, 433 F.3d at 1206.

_____

[2]Cormorant's citation of Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414 (1997), is therefore unavailing, as that case relied on the "brunt" requirement. Moreover, Cybersell involved entirely passive conduct, while this case allegedly involves intentional conduct.

The court is unconvinced by Cormorant's argument that it did not intend to cause harm in Hawaii.  Because Cormorant did not request an evidentiary hearing on its motion, Plaintiffs need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  See Schwarzenegger, 374 F.3d at 800; Ziegler, 64 F.3d at 473; Flynt, 734 F.2d at 1392.  Although Cormorant controverts the allegation in the Amended Complaint that it tortiously interfered with Plaintiffs' prospective business advantage, conflicts between parties over statements contained in affidavits and/or declarations must be resolved in Plaintiffs' favor.  See Schwarzenegger, 374 F.3d at 800.

Bolstering the allegations of intentional tortious conduct in Count Three of the Amended Complaint, Michael Lerch, founder of ECM, submitted a declaration establishing for purposes of this motion Cormorant's intentional acts.  Declaration of Michael Lerch (Oct. 24, 2006) ¶¶ 24-27 (indicating that Cormorant copied ECM's legal structure and that Cormorant is using ECM's trading strategy).[3]  Paragraph 3 of Lerch's declaration

---

[3]Cormorant complains that Lerch's Declaration is entirely conclusory, speculative, and based on hearsay.  For example, Lerch states that, "in using the Trading Strategy, Cormorant uses the same brokers Evolution uses and trades the same securities Evolution trades."  Lerch Decl. ¶ 25.  Lerch also states that it "appears" that Cormorant copied ECM's legal structure.  Id. ¶ 24. It may be that Lerch does not know whether Cormorant actually copied ECM's legal structure or whether Cormorant is actually using ECM's trading strategy.  Those are facts that are known only by Defendants.  It is sufficient for purposes of this motion, however, that Lerch states facts from which he is

establishes that these intentional acts were expressly aimed at

Hawaii because ECM is a "Hawaii-based investment manager."

Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082,

1087 (9th Cir. 2000) ("Express aiming is a concept that in the

jurisdictional context hardly defines itself.  From the available

cases, we deduce that the requirement is satisfied when the

defendant is alleged to have engaged in wrongful conduct targeted

at a plaintiff whom the defendant knows to be a resident of the

forum state."), overruled on other grounds by Yahoo!, 433 F.3d at

1207.  Lerch says that Cormorant's unauthorized use of ECM's

trading strategy cost Plaintiffs substantial profits, as shown by

decreases in allocations of stock Plaintiffs previously received.

Lerch Decl. ¶ 30.  Lerch also says that Cormorant is preventing

ECM from placing trades that ECM previously was able to place.

Id.  Given these allegations of harm, it is not a far stretch to

conclude (for jurisdictional purposes) that Cormorant knew that

the harm caused by its conduct was likely to be suffered in

Hawaii, where ECM is based.

---

inferring the facts alleged.  Lerch states, for example, that
Cormorant hired ECM's legal counsel and that, at the time
Cormorant formed its segregated portfolio funds, such funds were
rare.  From this, Lerch concludes that Cormorant copied ECM's
legal structure.  Similarly, Lerch says that ECM's trading
strategy was being used and that the Mayuses were the only people
outside of ECM who knew the strategy.  Lerch then concludes that
Cormorant was using the trading strategy.  Lerch's conclusions
may be established as facts at a subsequent hearing or at trial,
as Plaintiffs must eventually establish the jurisdictional facts
by a preponderance of the evidence.  See Flynt, 734 F.2d at 1392.

The court is similarly unpersuaded by Cormorant's argument that ECM did not suffer harm in Hawaii.  In support of that argument, Cormorant cites Core-Vent v. Nobel Indus. AB, 11 F.3d 1482 (9th Cir. 1993).  Cormorant says that Core-Vent stands for the proposition that harm to a corporation is unlike harm to a person because the corporation feels the harm in many locations.  Cormorant's position is that, because ECM trades on the Tokyo Stock Exchange, any harm that ECM suffered occurred in Japan, not Hawaii.  But this case is unlike Core-Vent, which involved Swedish doctors allegedly publishing an article in an international medical journal, with harm being felt in multiple places where the journal was distributed.  ECM, a Hawaii company, is alleging that Cormorant tortiously interfered with its business advantage.  There is no basis for assuming that the alleged tortious interference occurred outside of Hawaii.  As a jurisdictionally sufficient amount of harm in Hawaii has been shown for purposes of this motion, "it does not matter that even more harm might have been suffered [elsewhere]."  See Yahoo!, 433 F.3d at 1207.

    2.    Arising out of Forum-Related Activities.

The second requirement for specific jurisdiction is that Plaintiffs' claims arise out of Cormorant's forum-related activities.  See Panavision, 141 F.3d at 1322.  The court must determine whether Plaintiffs would not have been injured "but

14

for" Cormorant's conduct directed toward them in Hawaii.  <u>See id.</u>
This requirement is satisfied.  "But for" Cormorant's alleged use
of Plaintiffs' confidential trading strategy, Cormorant would not
have committed the alleged tortious interference with Plaintiffs'
business advantage in Hawaii.  For purposes of this motion,
Plaintiffs have made a prima facie showing that their claims
arise out of Cormorant's forum-related activities.

       3.   <u>Reasonableness of Exercise of Jurisdiction.</u>

      Even if a plaintiff satisfies the first two
requirements for personal jurisdiction over a defendant,
jurisdiction may not be exercised unless that exercise would be
reasonable.  <u>Id.</u>; <u>see also</u> <u>Ziegler</u>, 64 F.3d at 474-75 ("even if
the first two prongs are satisfied, an unreasonable exercise of
jurisdiction violates the Due Process Clause").  In determining
reasonableness, the court considers: (1) the extent of purposeful
interjection into the forum state; (2) the burden on the
defendant; (3) the conflict with the sovereignty of the
defendant's state; (4) the forum state's interest in the suit;
(5) the most efficient judicial resolution of the dispute;
(6) the convenience and effectiveness of relief for the
plaintiff; and (7) the existence of an alternative forum.  <u>Burger
King</u>, 471 U.S. at 475; <u>Ziegler</u>, 64 F.3d at 475.  None of these
seven factors is dispositive.  Instead, all seven factors must be
balanced.  <u>Ziegler</u>, 64 F.3d at 475.

a.   <u>Purposeful Interjection.</u>

The first factor the court examines is the extent of Cormorant's purposeful interjection into Hawaii.  "Even if there is sufficient 'interjection' into the state to satisfy the purposeful availment prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the reasonableness prong."  <u>Panavision</u>, 141 F.3d at 1323 (quoting <u>Core-Vent</u>, 11 F.3d at 1488); <u>but</u> <u>see</u> <u>Roth</u>, 942 F.2d at 623 ("In light of the first prong of purposeful availment, analysis of this first factor in the third prong would be redundant.").

Cormorant allegedly used Plaintiffs' trading strategy, causing Plaintiffs to lose business and business opportunities in Hawaii.  Even if the degree of intrusion into Hawaii was not great, this court has enough before it to conclude that this factor weighs in Plaintiffs' favor.

b.   <u>Cormorant's Burden in Litigating.</u>

In examining the second factor (the litigation burden), the court's primary concern is Defendants' burden.  <u>See</u> <u>F.D.I.C.</u> <u>v. British-Am. Ins. Co.</u>, 828 F.2d 1439, 1444 (9th Cir. 1987). Cormorant will be burdened with defending this action thousands of miles from Florida, its alleged principal place of business. <u>See</u> Amended Compliant ¶ 5.  However, "unless the inconvenience [to Cormorant of litigating in Hawaii] is so great as to

constitute a deprivation of due process, it will not overcome

clear justifications for the exercise of jurisdiction."  See

Panavision, 141 F.3d at 1333 (internal quotation omitted).  As

the burden on Cormorant and any of its out-of-state witnesses is

significant, this factor weighs against this court's exercise of

personal jurisdiction over Cormorant.  The inconvenience of

litigating in Hawaii clearly does not, however, amount to a

deprivation of due process.  See Miracle, 87 F. Supp. 2d at 1069

(finding that requiring New York defendants and their potential

witnesses to travel to Hawaii was not a deprivation of due

process).  In this "era of fax machines and discount air travel,

requiring [Defendants] to litigate in [Hawaii] is not

constitutionally unreasonable."  Panavision, 141 F.3d at 1323.

    c. Conflict With Sovereignty of Defendant's
      State.

   The court also considers the extent to which its

exercise of jurisdiction in Hawaii would conflict with the

sovereignty of Florida, Cormorant's home state.  There has been

no demonstration of any actual conflict with the sovereignty of

Florida.  This factor therefore presents no barrier to litigation

in Hawaii and weighs slightly in Plaintiffs' favor.  See Pac.

Fisheries, 2000 WL 1670917, at *10 (D. Haw. Oct. 17, 2000);

United Kingdom Mut. S.S. Assurance Ass'n v. Cont'l Maritime of

San Francisco, Inc., 1992 W.L. 486937, at *5 (N.D. Cal. Aug. 31,

1992) (stating that, because there was no conflict between

Canadian law and U.S. law in that case, this factor weighed in favor of the exercise of specific jurisdiction).

### d. Forum State's Interest.

The fourth factor--Hawaii's interest in this dispute-- weighs in favor of exercising jurisdiction over Cormorant. Hawaii has a "strong interest in providing an effective means of redress for its residents who are tortiously injured." Miracle, 87 F. Supp. 2d at 1070. ECM says that its principal place of business in Hawaii and that it employs nearly seventy people in Hawaii. See Amended Complaint ¶ 10. Hawaii therefore has a "strong interest in providing an effective means of redress" for the tort that ECM claims harmed it in Hawaii.

### e. Efficient Resolution.

Efficient judicial resolution of the controversy focuses on the location of the evidence and witnesses. Panavision, 141 F.3d at 1323-24. This factor "is no longer weighed heavily given the modern advances in communication and transportation." Id. With witnesses and evidence located in both Hawaii and Florida, this factor is neutral.

    f.   Convenient and Effective Relief for <u>Plaintiffs.</u>

It appears that Hawaii is a convenient forum that can provide effective relief to Plaintiffs.  ECM says that its principal place of business is in Hawaii.  Most of ECM's witnesses and evidence appear to be located in Hawaii.  This factor weighs in favor of the exercise of jurisdiction.

    g.   <u>Alternative Forum.</u>

Plaintiffs bear the burden of proving the unavailability of an alternative forum.  <u>See</u> <u>Core-Vent</u>, 11 F.3d at 1490.  Plaintiffs have not demonstrated the unavailability of an alternative forum.  Accordingly, this factor weighs in favor of Cormorant.

    h.   <u>Balancing and Applying the Factors.</u>

Overall, the balance of the seven factors weighs in favor of exercising jurisdiction over Cormorant.  Only the second and seventh factors weigh in favor of unreasonableness.  The first, third, fourth, and sixth factors favor Plaintiffs, although the third factor weighs only slightly in Plaintiffs' favor.

Cormorant has the burden of presenting "a compelling case that the presence of some other considerations would render jurisdiction unreasonable."  <u>Burger King</u>, 471 U.S. at 477.  As the factors weigh in favor of exercising personal jurisdiction over Cormorant, the court rules that Cormorant has not made a

compelling showing that the exercise of personal jurisdiction over it is unreasonable.

        C.    The Motion to Dismiss Based on a Lack of Personal Jurisdiction Over Cormorant is Denied.

Plaintiffs have met their burden on this motion of making a prima facie showing of specific jurisdiction over Cormorant with respect to their tortious interference with prospective business advantage claim.  Because the remaining counts against Cormorant all "arise[] out of a common nucleus of operative facts" with the tortious interference claim, this court has pendent personal jurisdiction over Cormorant with respect to the other claims.  See CE Distrib., 380 F.3d at 1113; Action Embroidery, 368 F.3d at 1180.  Cormorant's motion to dismiss the claims asserted against it based on a lack of personal jurisdiction is therefore denied.[4]

---

[4]On pages 8 through 9 of the Motion, Cormorant complains about the manner in which it was served with a copy of the complaint.  Cormorant's motion, however, does not seek dismissal of the Amended Complaint for insufficiency of service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Instead, the motion clearly seeks dismissal under only Rules 12(b)(2) (lack of personal jurisdiction) and 12(b)(6) (failure to state a claim upon which relief may be granted) of the Federal Rules of Civil Procedure.  See Motion at 3 ("This motion is made pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure . . . .").

III.     MOTION TO DISMISS COUNTS SEVEN AND EIGHT.

    A.   Legal Standard.

    Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint when it fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), review is generally limited to the contents of the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), as amended by 275 F.3d 1188 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  Courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  If a document's contents are alleged in a complaint and authenticity is not questioned by any party, the court may consider the document in ruling on a Rule 12(b)(6) motion to dismiss.  See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds as stated in Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

On a Rule 12(b)(6) motion, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). Conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)). A motion to dismiss may also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as a statute of limitations. Imbler v. Pachtman, 424 U.S. 409 (1976).

> B.   Count Seven--Alter Ego Liability--Is Not a
> Separate Cause of Action, But Instead a Theory of
> Liability.

Count Seven of the Amended Complaint alleges alter ego liability.  Citing Robert's Haw. Sch. Bus, Inc. v. Lapahoehoe Transp. Co., 91 Haw. 224, 241, 982 P.2d 853, 870 (1999), superseded by statute on other grounds as stated in Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 2006 WL 2578956 (Haw. Sept. 08, 2006), Defendants have moved to dismiss Count Seven because it does not allege an independent cause of action.  Plaintiffs agree that alter ego liability is not a separate and independent cause of action under Hawaii law.  See Opposition at 31 ("Plaintiffs have not pleaded an alter ego theory, 'in itself,' as a claim for substantive relief").  However, Plaintiffs include alter ego allegations in their pleading to clarify that alter ego liability is a theory under which liability in other counts is pursued.  With this agreement and clarification of Count Seven, the court denies the motion to the extent it seeks dismissal of Count Seven.

> C.   Count Eight--Civil Conspiracy.

Defendants similarly argue that Count Eight--civil conspiracy--should be dismissed because civil conspiracy does not constitute a claim for relief by itself.[5]  The court is

------

[5]This court has noted:

A claim of civil conspiracy does not in and of itself

unconvinced that Count Eight should be dismissed, as that count
is not limited to a claim of civil conspiracy in and of itself.
To have a viable claim for a civil conspiracy, a plaintiff must
allege an actionable underlying claim upon which the claim of
civil conspiracy is based.  See Ellis v. Crockett, 51 Haw. 45,
57, 451 P.2d 814, 823 (1969).  Plaintiffs have alleged actionable
torts upon which Count Eight is based.  Accordingly, Defendants'
request for dismissal of Count Eight is denied.[6]

---

constitute a claim for relief.  Robert's Hawai`i School
Bus. v. Laupahoehoe, 91 Haw. 260, n.44, 982 P.2d 853
n.44 (1999) (further citations omitted).  Instead, "the
gravamen of the tort is not the agreement charged, but
the acts in pursuance of the agreement which are the
tort".  Ingle v. Liberty House, Inc., 1995 WL 757746,
*6 (Haw. Cir. Ct.).  However, "[m]ere acquiescence or
knowledge is insufficient to constitute a conspiracy,
absent approval, cooperation, or agreement.  Roberts,
91 Haw. at 260, n.44, 982 P.2d 853 n.44 (further
citations omitted). "When a conspiracy is established,
everything said, written, or done by any of the
conspirators in execution or furtherance of the common
purpose is deemed to have been said, done, or written
by every [member], and may be proved against each."
Kazuo Hashimoto v. Henry Halm, 40 Haw. 354, 1953 WL
7576 *6, (Haw. Terr. Nov.20, 1953).

W. Sunview Props., LLC v. Federman, 338 F. Supp. 2d 1106, 1122
(D. Haw. 2004).

[6]Defendants argue for the first time in their Reply that the
civil conspiracy count should be dismissed because the Defendants
cannot conspire with themselves.  The court disregards this
argument pursuant to Local Rule 7.4.  Such an untimely argument
is unfair to Plaintiffs, who have no opportunity to respond to
the argument in writing. This order does not prohibit the filing
of a motion based on insufficiency of service of process.

IV.      THIS COURT HAS CONCERNS REGARDING OVERSEALING OF INFORMATION.

Pursuant to a stipulated protective order signed by the parties and Magistrate Judge Kevin S.C. Chang on October 23, 2006, Plaintiffs have "sealed" certain information in their Opposition.  The court has reviewed an "unredacted" version of the Opposition.  The court questions why the "information" redacted from the Opposition was "sealed."

Defendants similarly "sealed" information by redacting it from Requests for Admissions that were attached to their Reply.  The court has reviewed "unredacted" versions of these documents and also questions why that information was sealed.

The parties are ordered to contact Magistrate Judge Chang to discuss why all of the "sealed" information submitted in connection with this motion should not be unsealed and to discuss procedures to prevent the oversealing of information.  The court understands that Plaintiffs' actual trading strategy might be considered proprietary.  However, facts concerning the formation of companies, Defendants' relationships and discussions with Plaintiffs, and isolated trades do not appear to need to be sealed.

The court additionally notes that, if the parties file "redacted" papers in the future, they should provide this court with two "unredacted" copies of the papers.

25

V.      CONCLUSION.

For the foregoing reasons, the motion to dismiss is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 12, 2006.



_____
Susan Oki Mollway
United States District Judge

Evolution Capital Management LCC, et al. v. Richard A. Mayus, et al., Civ. No. 06-00494 SOM-KSC; ORDER DENYING DEFENDANTS' MOTION TO DISMISS