IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVOLUTION CAPITAL MANAGEMENT LLC, a limited liability company; EVOLUTION FUND LTD. SPC, a segregated portfolio company; and EVOLUTION MASTER FUND LTD. SPC, a segregated portfolio company, | CIVIL NO. 06-00494 SOM-KSC<br><br>FINDINGS AND RECOMMENDATION TO REMAND ACTION |
| Plaintiffs, | |
| vs. | |
| RICHARD A. MAYUS, an individual, F. ALEXANDER MAYUS, an individual, CORMORANT CAPITAL MANAGEMENT LLC, a limited liability company; CORMORANT CAPITAL FUND LTD. SPC, a segregated portfolio company; CORMORANT CAPITAL MASTER FUND LTD. SPC, a segregated portfolio company; and EVOLUTION CONSULTING LLC, a limited liability company, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO REMAND ACTION

On April 9, 2007, Plaintiffs Evolution Capital Management LLC, Evolution Fund Ltd. Spc, and Evolution Master Fund Ltd. Spc ("Plaintiffs") filed a Motion to Remand for Lack of Subject Matter Jurisdiction ("Motion"). On May 7, 2007, Defendants Richard A. Mayus, F. Alexander Mayus, Cormorant Capital Management LLC, Cormorant Capital Fund Ltd. Spc, Cormorant Capital Master Fund Ltd. Spc, and Evolution Consulting LLC ("Defendants") filed their Opposition. On May 11, 2007, Plaintiffs filed their Reply.

The matter came on for hearing on May 23, 2007. Attorneys Paul Alston and Daniel M. Gluck appeared on behalf of Plaintiffs; Attorney Simon Klevansky appeared on behalf of Defendants; Attorney Aaron M. Zeisler appeared by telephone on behalf of Defendants.

Plaintiffs move to remand this case for lack of subject matter jurisdiction due to an absence of diversity jurisdiction. Plaintiffs claim that they recently discovered that Evolution Capital Management LLC is a British citizen, and not a Hawaiian citizen as

they previously asserted.  See Plaintiffs' Memorandum in Support of Reply at 3-4.  Plaintiffs maintain that the sole member of Evolution Capital Management LLC is Tiger Trust, whose trustees are incorporated in the Cayman Islands and Guernsey.  Plaintiffs' Memorandum in Support of Motion at 2-3.  Thus, Plaintiffs assert that complete diversity is absent in this case because all of the Plaintiffs are aliens and Defendants include both aliens and citizens of the State of Florida. Id. at 2.

At the hearing, Attorney Zeisler clarified that Defendants do not dispute that Tiger Trust is the sole member of Evolution Capital Management LLC or that Tiger Trust's citizenship determines Evolution Capital Management LLC's citizenship.  Rather, Defendants argue that the judicial admission rule precludes Plaintiffs from asserting that Evolution Capital Management LLC is a British citizen because Plaintiffs failed to contest Defendants' assertion that Evolution Capital Management LLC was a Hawaiian citizen as stated in Defendants' Removal Petition.  See Defendants' Memorandum in

3

Opposition at 3-4.  In short, Defendants argue that Plaintiffs have made a judicial admission that Evolution Capital Management LLC is a Hawaiian citizen and Plaintiffs cannot now claim otherwise.  Defendants rely on Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988) and Schbabel v. Lui, 302 F.3d 1023, 1032 (9th Cir. 2002) for the proposition that "there should be no remand based upon newly raised, contradictory facts concerning citizenship when a party fails to contest such facts as alleged on removal unless, at the time of removal, there was a substantial question concerning plaintiff's citizenship on the face of the pleadings." Id. at 7.

In deciding whether the Court has subject matter jurisdiction to hear this case, the Court must determine whether diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).[1]  The Ninth Circuit has

---

[1] 28 U.S.C. § 1332(a) provides:
The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a

interpreted Section 1332(a)(2) to require complete diversity of parties.  See Faysound Ltd. V. United Coconut Chem., Inc., 878 F.2d 290, 294 (9th Cir. 1989)(stating that "[d]iversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants").  Therefore, aliens on both sides of the litigation will defeat diversity jurisdiction.

Here, Tiger Trust, the sole member of Evolution Capital Management, LLC, is a British citizen for diversity purposes because its Trustees, Rothschild Trust Cayman Limited (incorporated in the Cayman Islands) and Rothschild Trust Guernsey Limited (incorporated in Guernsey), are deemed British citizens.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)("[a]n LLC is a citizen of every state which its owners/members are citizens" and "a trust has the citizenship of its

---

foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States. 28 U.S.C. § 1332(a).

trustee or trustees"). It is further undisputed that Defendant Cormorant Capital Fund Ltd. Spc and Defendant Cormorant Capital Master Fund Ltd. Spc are also British citizens.

Significantly, Defendants do not challenge the fact that Evolution Capital Management LLC is a British citizen for diversity purposes. Rather, they argue that, based on the judicial admission rule, Plaintiffs' assertion of this fact seven (7) months after removal precludes Plaintiffs from asserting this fact now. The Court disagrees.

28 U.S.C. § 1447© provides: "[i]f *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded,"(emphasis added). See May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980)(stating that "[a] party may raise jurisdictional challenges any time during the proceedings"); see also ARCO Envtl. Remediation LLC v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000)("[i]f a case is improperly removed, the federal

6

court must remand the action because it has no subject matter jurisdiction to decide the case").

The plain language of 28 U.S.C. § 1447© is clear and requires a court to remand a case "[i]f *at any time before final judgment* it appears the court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c)(emphasis added).  Therefore, the Court finds that remand is required in this case based on the absence of diversity jurisdiction.

Defendants' reliance on Albrecht, 845 F.2d at 194, and Schbabel, 302 F.3d at 1032, is misplaced because those cases involve jurisdictional challenges following the entry of final judgment at the trial court level.  In other words, in Albrecht and Schbabel, the Ninth Circuit addressed challenges to subject matter jurisdiction at the appellate, rather than the trial court level.[2]

---

[2] In Schbabel, the Ninth Circuit's statement, "[a]lthough subject matter jurisdiction is reviewed de novo and may be raised at any point in the proceedings, the standard shifts when the argument raises new factual bases for the lack of jurisdiction *which were not developed in the trial court record*," indicates that a different standard applies when reviewing challenges to jurisdiction at the appellate level. Schbabel, 302 F.3d at 1031-32.

Accordingly, the Court finds that it lacks subject matter jurisdiction to hear this case and FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED and that this case be remanded to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, May 24, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIV 06-00494 SOM-KSC; EVOLUTION CAPITAL MANAGEMENT LLC, et al. v. RICHARD A. MAYUS, et al.; FINDINGS AND RECOMMENDATION TO REMAND ACTION